OPINION
{¶ 1} Defendant-appellant Federal Insurance Company ("Federal") appeals the December 20, 2002 Opinion and Judgment Entry entered by the Stark County Court of Common Pleas, which found appellees Robert and Rebecca Oswald entitled to UM/UIM coverage under Coverage Form A of Federal's commercial umbrella policy.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 9, 2000, Rebecca Oswald was driving her automobile when the tortfeasor, Jamie Greathouse, rear-ended Ms. Oswald's vehicle. As a result, Oswald sustained serious injury, eventually undergoing disc surgery. Her medical expenses totaled just under $32,000.
 {¶ 3} On the date of the accident, Robert Oswald, Rebecca Oswald's husband, was an employee of the Timken Company ("Timken"). Timken was insured under a commercial automobile liability policy issued by American and Foreign Insurance Company ("AFIC"). The commercial auto policy provided $5 million "per occurrence" bodily injury liability coverage. Timken was also insured under a commercial umbrella policy issued by Federal with a liability limit of $50 million. Pacific Insurance Company issued to Timken an excess liability policy providing $10 million of coverage.
 {¶ 4} The Oswalds settled with and released the tortfeasor for the $12,500 limit of his liability policy. On May 5, 2002, the Oswalds filed a complaint for declaratory judgment against AFIC, Federal, Pacific, and other insurance carriers, seeking underinsured motorists coverage under the policies. The parties each filed separate motions for summary judgment. On December 20, 2002, the trial court granted summary judgment to the Oswalds and against AFIC, Federal and Pacific, finding the Oswalds were entitled to coverage under the policies issued by those companies.
 {¶ 5} It is from the trial court's December 20, 2002 Judgment Entry Federal appeals, raising the following assignments of error:
 {¶ 6} "I. The Trial Court Erred In Finding That Plaintiffs-appellees Are Entitled To Underinsured Motorist Coverage Under Federal's Commercial Umbrella Liability Policy No. 7973-29-18 Issued To The Timken Co.
 {¶ 7} "II. The Trial Court Erred In Failing To Issue An Order Declaring Federal's Commercial Umbrella Policy Is "excess Of The Total Applicable Limits Of Underlying Insurance," That Federal's Policy "will Not Apply Until The Insured Or The Insured's Underlying Insurer Is Obligated To Pay" The Full Amount Of The $5 Million Underlying Limit Of Coverage, And That Federal's Policy Will Not Apply Until The $5 Million Underlying Limit Of Coverage Is "exhausted By Payment Of Claims."
 I {¶ 8} Federal's first assignment of error is sustained on the authority of Westfield Ins. Co. v. Galatis, 100 Ohio St.3d ___,2003-Ohio-5849; and In Re Uninsured Underinsured Motorist CoverageCases, 100 Ohio St.3d ___, 2003-Ohio-5888.
 II {¶ 9} In light of our disposition of Federal's first assignment of error, we overrule this assignment of error as moot.
 {¶ 10} The judgment of the Stark County Court of Common Pleas is reversed.